No. 13-4514

IN THE

# United States Court of Appeals
# For the Fourth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

RICARDO O. CURRY, II,

*Defendant-Appellant.*

———————————

**On Appeal from the United States District Court
for the District of Maryland**

## REPLY BRIEF OF DEFENDANT-APPELLANT
## RICARDO O. CURRY, II

Lee Ann Anderson McCall
(CJA Counsel)
Amanda F. Davidoff
Elizabeth A. Cassady
Jared P. Roscoe
James H. Congdon
SULLIVAN & CROMWELL LLP
1700 New York Ave., N.W.
Suite 700
Washington, D.C. 20006
Tel:  (202) 956-7500
*Counsel for Defendant-Appellant*

# TABLE OF CONTENTS

**Page**

INTRODUCTORY STATEMENT ...........................................................................1

ARGUMENT ......................................................................................................2

I.  MR. CURRY'S WAIVER OF COUNSEL WAS NOT "KNOWING AND
    INTELLIGENT" BECAUSE HE FUNDAMENTALLY DID NOT
    UNDERSTAND THAT THE CRIMINAL PROCEEDINGS APPLIED TO
    HIM. ........................................................................................................2

    A.  Mr. Curry's Capacity to Understand the Law Was Necessary
        But Not Sufficient to Find his Waiver Valid. .......................................3

    B.  A Pro Forma Recitation of the Dangers of Proceeding *Pro Se* Is
        Insufficient to Support a Finding That a Waiver Was Knowing
        and Intelligent. ....................................................................................10

    C.  The District Court Should Have Revisited Mr. Curry's Waiver
        at the Trial Stage Because the Proceedings Made Clear That
        Mr. Curry's Waiver Was Not Knowing and Intelligent. ....................11

II.  MR. CURRY'S WAIVER WAS NOT "CLEAR AND UNEQUIVOCAL." .12

III.  MR. CURRY'S RIGHT TO DUE PROCESS WAS VIOLATED BY THE
      DISTRICT COURT'S FAILURE TO APPOINT HIM COUNSEL. ..............15

CONCLUSION .................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chambers* v. *Mississippi*,
410 U.S. 284 (1973) ..................................................................15

*Fitzpatrick* v. *Wainwright*,
800 F.2d 1057 (11th Cir. 1986) ................................................*passim*

*Godinez* v. *Moran*,
509 U.S. 389 (1993) .............................................................1, 3, 4

*Indiana* v. *Edwards*,
554 U.S. 164 (2008) ....................................................................9

*McKaskle* v. *Wiggins*,
465 U.S. 168 (1984) ....................................................................6

*Sciolino* v. *City of Newport News*,
480 F.3d 642 (4th Cir. 2007) .....................................................14

*United States* v. *Bush*,
404 F.3d 263 (4th Cir. 2005) ..........................................5, 12, 13, 14

*United States* v. *Ferguson*,
560 F.3d 1060 (9th Cir. 2009) .......................................... 8, 9, 15

*United States* v. *Frazier-El*,
204 F.3d 553 (4th Cir. 2000) ...............................................13, 14

*United States* v. *Gillings*,
568 F.2d 1307 (9th Cir. 1978) .....................................................10

*United States* v. *Johnson*,
610 F.3d 1138 (9th Cir. 2010) ......................................................8

*United States* v. *Mosley*,
607 F.3d 555 (8th. Cir. 2010) ......................................................6

*United States* v. *Singleton*,
107 F.3d 1091 (4th Cir. 1997) .........................................2, 3, 4, 5

*United States* v. *Smith*,
No. 05 Cr. 922, 2007 WL 1002139 (S.D.N.Y. Apr. 4, 2007)
(unpublished) ....................................................................................11

*United States* v. *Wiggins*, Crim. No. WDQ-09-0287, 2011 WL 806383 (D.
Md. March 1, 2011) (unpublished).......................................................6

## Other Authorities

Sixth Amendment .....................................................................................15

## INTRODUCTORY STATEMENT

Contrary to the Government's argument, a defendant's level of education and desire to represent himself, in conjunction with pro forma statements by a judge about the risks of proceeding *pro se,* form an insufficient basis for finding that a defendant has "knowingly, intelligently and voluntarily" waived his right to counsel.  Whether a waiver of counsel is knowing and intelligent does not concern the defendant's mental *capacity* to understand the nature of the charges against him, but rather, whether the defendant "actually *does* understand the significance and consequences of a particular decision." *Godinez* v. *Moran*, 509 U.S.  389, 401 n.12 (1993).  As the Government concedes, both the magistrate judge and the prosecution expressed doubts about Mr. Curry's ability to represent himself.  Yet the Government argues that any concern was erased by a mere pro forma warning from the judge of the dangers of self-representation despite Mr. Curry's clear demonstration that he did not understand the nature of the proceedings against him or that he was capable of complying with courtroom rules and procedure.

The Government's argument that the district court was correct in not revisiting its ruling that Mr. Curry had validly waived his right to counsel is similarly ill-founded and miscomprehends defendant's argument.  It was not the perceived failure of Mr. Curry's defense that should have spurred the court to act;

it was Mr. Curry's failure to mount *any* defense at all that should have alerted the district court that Mr. Curry's waiver could not have been "knowing and intelligent." Ultimately, the court's decision allowing Mr. Curry to waive counsel and proceed *pro se* resulted in a proceeding that violated Mr. Curry's due process rights.

## ARGUMENT

**I.  MR. CURRY'S WAIVER OF COUNSEL WAS NOT "KNOWING AND INTELLIGENT" BECAUSE HE FUNDAMENTALLY DID NOT UNDERSTAND THAT THE CRIMINAL PROCEEDINGS APPLIED TO HIM.**

The Government argues in its opposition brief ("Opp'n") that (i) Mr. Curry's waiver was knowing and intelligent principally because Mr. Curry clearly said he wanted to represent himself, had a college education, and held down a job, (ii) the court's pro forma recitation of some of the dangers of proceeding *pro se* was sufficient to allow Mr. Curry to waive his right to counsel and proceed *pro se*, and (iii) the court below was correct in not revisiting its ruling that Mr. Curry had validly waived counsel. (Opp'n at 15, 26-27.) None of these positions is supported by the law or the record.

The standard for whether a waiver of counsel is knowing, intelligent and voluntary depends "upon the particular facts and circumstances" of each case. *United States* v. *Singleton*, 107 F.3d 1091, 1097 (4th Cir. 1997). The court reviews the "record as a whole" in determining whether the defendant knowingly and

intelligently gave up the right to counsel.  *Id.*  But rather than review the entire record, the Government focuses exclusively on two items—Mr. Curry's rote responses to questions about whether he wanted counsel and his educational background.  A full review of the record, across multiple hearings and filings, makes clear that Mr. Curry did not understand the nature of the proceedings against him nor their severe potential consequences.  ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████  That view reflects a clear lack of understanding of the proceedings against him—not just an unusual defense—that should have prevented his waiver of counsel.

### A.   Mr. Curry's Capacity to Understand the Law Was Necessary But Not Sufficient to Find his Waiver Valid.

The Government argues that Mr. Curry's waiver of the right to counsel was "knowing and intelligent" because Mr. Curry had the mental capacity to understand the charges against him and the possible consequences of the trial. (*See* Opp'n at 21-25.)  But this standard—the standard for whether a defendant is competent to stand trial—is only a threshold inquiry.  *See Godinez*, 509 U.S. at 401.  The validity of a defendant's waiver of counsel is a distinct inquiry which has

a "heightened standard" above and beyond competency. *Id.* at 400-01. A waiver of the right to counsel must, in addition, be "(1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." *United States* v. *Frazier-El*, 204 F.3d 553, 558 (4th Cir. 2000) (internal citations omitted). That inquiry centers on the circumstances and facts as a whole, not one fact in isolation. *See Singleton*, 107 F.3d at 1097. The Government's undue focus on Mr. Curry's educational background is therefore misplaced.

As explained in Mr. Curry's opening brief ("Opening Brief") the competency of a defendant is measured by the defendant's mental capacity to understand the charges against him. (*See* Op. Br. at 17.) Whether a waiver was "knowing and intelligent," however, is concerned with whether the defendant "actually *does* understand the significance and consequences of a particular decision." *Godinez*, 509 U.S. at 401 n.12. This is done to "insure that the defendant understands the disadvantages of self-representation." *Fitzpatrick* v. *Wainwright*, 800 F.2d 1057, 1065 (11th Cir. 1986). The "ultimate test [of whether a waiver was knowing, intelligent and voluntary] is not the trial court's express advice, but rather the defendant's understanding." *Id.* For example, as the Government recognizes, courts should consider "whether [the defendant] understood that he would be required to comply with the rules of procedure at

trial" in determining whether a waiver is valid.  (Opp'n at 23 (quoting *Fitzpatrick*, 800 F.2d at 1066).)

   The cases the government cites to support its argument that the defendant's education was dispositive evidence in favor of a "knowing and intelligent" waiver are easily distinguished.  First, in *Singleton*, the court relied not just on evidence of the defendant's educational background, but also on "his understanding of the judicial process, and his appreciation of the charges against him and the potential penalties," based on Singleton's performance at trial.  107 F.3d at 1098.  Similarly, in *Fitzpatrick*, the defendant's educational background was one of *eleven* factors the court considered in determining whether the waiver was knowing and intelligent.  800 F.2d at 1065-67.  These cases stand for the proposition that the circumstances as a whole, not merely the defendant's education, determine whether a waiver is "knowing and intelligent."

   While the Government points to evidence in the record showing that the magistrate judge and district court judge cautioned Mr. Curry about proceeding *pro se*, (Opp'n at 23-24), the Government does not, and cannot, identify portions of the record that demonstrate that Mr. Curry did in fact understand these risks.  It is true that the defendant's "technical legal knowledge . . . [is] not relevant to [the] assessment" of whether his waiver was invalid.  *See Faretta* v. *California*, 422 U.S. 806, 836 (1975).  Nevertheless, because a defendant proceeding *pro se*

impacts the conduct of a trial, including its efficiency and the reliability of its outcome, *United States* v. *Bush*, 404 F.3d 263, 271-72 (4th Cir. 2005), whether a defendant actually understands the nature of the proceedings against him, the courtroom rules and procedures, and that he will be required to follow such rules and procedures, are important parts of the determination of whether a waiver was valid. *See United States* v. *Mosley*, 607 F.3d 555, 559 (8th. Cir. 2010); *United States* v. *Wiggins*, Crim. No. WDQ-09-0287, 2011 WL 806383, at *8 (D. Md. March 1, 2011) (unpublished); *see also McKaskle* v. *Wiggins*, 465 U.S. 168, 173 (1984) (defendant must be "able and willing to abide by rules of procedure and courtroom protocol").

Here, Mr. Curry clearly demonstrated his unfamiliarity with courtroom rules and procedures and misapprehension of the basic nature of the proceedings against him. (*See* Op. Br. at 20-21.) ████████████████████████ ██████████████████████████████████████████ ████████████████████████████████████████████ █████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████████████████ ████████████████████████████████████████████

██ In short, Mr. Curry did not grasp the legal proceedings taking place and believed they did not or should not apply to him.  His assertion that he "comprehended" and his education could not substitute for what the record reflects, which is a lack of understanding.  This was obvious at the time, as demonstrated by the Government's consistent position before trial that Mr. Curry should not be permitted to represent himself.  (*See* Op. Br. at 21; JA 78-79 (Assistant U.S. Attorney Bockin stating "it's obviously going to be the Government's position that Mr. Curry is not competent to represent himself").)

The Government asserts that Mr. Curry's waiver reflected a knowing decision to present a "tax protester" defense, which the Government defines in its brief as a frivolous defense intended to prove "a subjective good faith belief that the defendant did not believe he owed taxes."  (*See* Opp'n at 17 n.2.)  In particular, according to the Government, Mr. Curry "argued that the court lacked jurisdiction over him as a means of advancing his belief that the current tax code is unlawful" and acted "as if on cue" in ways that were consistent with other unidentified tax protestors.  (Opp'n at 17, 9.)  ████████████

████████████████████████████

████████████████████████████

██████████████████████  In any event, there is no support in the record for this

claim.  Mr. Curry never raised the issue of taxes or his beliefs concerning them at

trial, or asserted any defense at all. ███████████████████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████    ███████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████

The Government argues the facts here are similar to those in *United

States* v. *Johnson*, 610 F.3d 1138, 1144 (9th Cir. 2010).  (*See* Opp'n at 24-25.)

However, the Government misses the key difference between *Johnson* and the

instant facts: there was no argument in *Johnson* that the defendants did not

understand courtroom procedure or the nature of the proceedings against them.  To

the contrary, in *Johnson*, the defendants relied on standard courtroom protocol to

present an actual defense, albeit unmeritorious.  610 F.3d at 1146.  The *Johnson*

defendants "gave opening statements, testified, examined and cross-examined

witnesses, challenged jury instructions, and delivered closing arguments of

significant length." *Id.*  In contrast, Mr. Curry did not present a defense at all or meaningfully participate in the proceedings against him.

Instead of resembling *Johnson*, this case is more like a case the *Johnson* court distinguished, *United States* v. *Ferguson*, 560 F.3d 1060 (9th Cir. 2009).  There, the Ninth Circuit expressed concern about the defendant's lack of comprehension of the district court's pre-trial colloquies regarding the nature of the case against him and matters of procedure, noted the government's concern with the defendant's *pro se* representation, and pointed out the defendant's failure to present any defense at trial.  *See Ferguson*, 560 F.3d at 1068-69.  The Ninth Circuit expressed concern that the defendant may have been "unable to carry out the basic tasks needed to present his own defense without the help of counsel," *id.* at 1068 (quoting *Indiana* v. *Edwards*, 554 U.S. 164, 175-76 (2008), and remanded the case to the trial court.  *Id.*  Furthermore, the Ninth Circuit found that "the Defendant's complete failure to defend himself seriously jeopardized the fairness of the trial [and sentencing hearing] and, at the very least, seriously jeopardized the *appearance* of fairness." *Id.* at 1069.  The Ninth Circuit was particularly concerned that the *Ferguson* defendant's misapprehension of the very nature of the proceedings extended to the sentencing hearing.  *Id.*  Likewise, here, even at his sentencing hearing, Mr. Curry resumed his pre-trial arguments that he was "the

living man and beneficiary" of an estate and could not proceed without the presence of the "trustee." (JA 354-57.)

Mr. Curry repeatedly failed to understand the nature of the proceedings against him and courtroom rules or procedure. (*See* Op. Br. at 20-21 (describing Mr. Curry's failure to understand the proceedings before and during his *Faretta* hearing); Op. Br. at 25-27 (describing Mr. Curry's failure to understand the proceedings during trial).) When the court's limited attempts to engage with Mr. Curry failed to elicit statements from Mr. Curry evidencing his comprehension of what was being said to him and the implications for him, the court should have denied Mr. Curry's attempted waiver of counsel.

### B.    A Pro Forma Recitation of the Dangers of Proceeding *Pro Se* Is Insufficient to Support a Finding That a Waiver Was Knowing and Intelligent.

The Government also argues that Mr. Curry's waiver was knowing and intelligent because the court below recited a pro forma explanation of some of the consequences of Mr. Curry's decision to proceed *pro se*. (*See* Opp'n at 22-24.) The Government's argument mischaracterizes the law, and it overstates the nature of the interactions between the judges below and Mr. Curry.

A pro forma recitation of the constitutionally required *Faretta* inquiry is not sufficient to establish a knowing and intelligent waiver absent indications that the waiver was in fact knowing and intelligent. *See United States* v. *Gillings*,

568 F.2d 1307, 1309 (9th Cir. 1978), *cert. denied*, 436 U.S. 919 (reversing a

defendant's conviction because "pro forma answers to pro forma questions" at the

*Faretta* inquiry did not show "that her decision was knowing and intelligent"); *see*

*also Fitzpatrick*, 800 F.2d at 1067 ("in determining the validity of a *Faretta*

waiver," courts consider "whether the [inquiry] consisted merely of pro forma

answers to pro forma questions").  As discussed in Mr. Curry's opening brief,

while Mr. Curry did respond affirmatively to some of the questions posed to him

by the district court at his *Faretta* hearing, this brief interaction, particularly given

the broader context of Mr. Curry's incomprehensible motions and explicit and

repeated statements that he did not understand what was happening, was

insufficient to render Mr. Curry's waiver knowing and intelligent.  (Op. Br. at 23-

24.)  Instead, the district court should have reached a result similar to that in *United*

*States* v. *Smith*, No. 05 Cr. 922, 2007 WL 1002139, at *1 (S.D.N.Y. Apr. 4, 2007)

(unpublished), where the district court, when unable to engage the defendant in a

"full and calm discussion" to determine the adequacy of the defendant's written

request to proceed *pro se*, denied the defendant's request.

## C.  The District Court Should Have Revisited Mr. Curry's Waiver at the Trial Stage Because the Proceedings Made Clear That Mr. Curry's Waiver Was Not Knowing and Intelligent.

The Government disputes that the district court was required to revisit

its decision to let Mr. Curry proceed *pro se* because (1) Mr. Curry consistently

maintained his waiver of counsel and (2) a court is not required to revisit a defendant's waiver just because it appears that the defendant's trial strategy is failing. (*See* Opp'n at 25-28.)  These arguments miss the point.  (*See* Op. Br. at 24-28.)

The fact that Mr. Curry maintained that he *wanted* to waive his right to counsel does not mean that his waiver was legally sufficient; as explained above, a court must satisfy itself that a defendant's waiver of counsel is knowing and intelligent.  Nor does Mr. Curry argue that the court should have reconsidered its decision because his defense was failing; instead, Mr. Curry's failure to put on any defense at all demonstrated his inability to comply with courtroom rules and procedure and called into question the integrity and fairness of the judicial proceedings.  Mr. Curry's behavior at trial, considered in conjunction with his actions during pre-trial proceedings, should have alerted the court that Mr. Curry's waiver was not knowing and intelligent.

## II.    MR. CURRY'S WAIVER WAS NOT "CLEAR AND UNEQUIVOCAL."

The Government argues that a waiver of the right to counsel need not be clear and unequivocal.  That is incorrect.  This Court, in *Bush,* explicitly stated that "[i]n determining whether a defendant properly has exercised his right to self-representation and *waived his right to counsel*, we ascertain whether the assertion of the right to self-representation is (1) clear and unequivocal;

(2) knowing, intelligent and voluntary; and (3) timely." *United States* v. *Bush*, 404

F.3d 263 (4th Cir. 2005) (emphasis added).[1]

A defendant's waiver is not "clear and unequivocal" if it does not

express a "sincere desire to dispense with the benefits of counsel." *Bush*, 404 F.3d

at 271. The presentation of a baseless defense, which would not be permitted by

the court, "suggests more a manipulation of the system than an unequivocal desire

to invoke" the right of self-representation. *United States* v. *Frazier-El*, 204 F.3d

553, 560 (4th Cir. 2000). It is telling that the Government fails to even address

*Frazier-El*, in which a defendant's waiver of the right to counsel was denied

because it was not "clear and unequivocal." In *Frazier-El*, the court denied the

defendant's request to proceed *pro se* because of his frivolous pre-trial motions in

which he argued, much like Mr. Curry, that he was not subject to the jurisdiction of

the court. *Id.* at 557-58.

---

[1]   The government claims that the defendant's opening brief misstates the test
for whether a waiver of the right to counsel was valid. The government argues that
there is a substantive difference between a "waiver of the right to counsel" and an
"invocation of the right to self-representation." (Opp'n at 28.) Not so. This Court
has held that the two are "mutually exclusive," meaning that the waiver of counsel
is necessarily an invocation of the right to self-representation. *Bush*, 404 F.3d at
270 (citing *United States* v. *Frazier-El*, 204 F.3d 553, 558 (4th Cir. 2000)).

The Government's reliance on *Fitzpatrick* v. *Wainwright*, 800 F.2d 1057 (11th Cir. 1986), to suggest that an intent to manipulate trial proceedings weighs in favor of a finding that a waiver of counsel was "clear and unequivocal," *see* Opp'n at 30, is misplaced. The Government fails to acknowledge Fourth Circuit precedent holding that a waiver of counsel solely to present a baseless defense, whether used for manipulation or not, is not a "clear and unequivocal" waiver. *See Frazier-El*, 204 F.3d at 560. Instead, it relies on *Fitzpatrick*, an Eleventh Circuit case analyzing whether the waiver was "knowing and voluntary." Manipulation may be relevant to a defendant's understanding of the proceedings, but it does not cut in favor of a clear and unequivocal waiver. In *Fitzpatrick*, the court did not mention manipulation at all in determining whether the waiver was "clear and unequivocal." 800 F.2d 1057. Further, no factual finding was ever made in this case that Mr. Curry was attempting to manipulate the proceedings. Instead, as described above, the pre-trial record is clear that he intended to object to the jurisdiction of the court, rather than to present any real defense. As in *Bush and Frazier-El*, Mr. Curry's actions and statements cannot constitute a "sincere desire to dispense with the benefits of counsel," and thus his waiver was not clear and unequivocal. *Bush*, 404 F.3d at 271.

-14-

### III.    MR. CURRY'S RIGHT TO DUE PROCESS WAS VIOLATED BY THE DISTRICT COURT'S FAILURE TO APPOINT HIM COUNSEL.

Critical to the right to due process is the right to a meaningful opportunity to be heard. *Sciolino* v. *City of Newport News*, 480 F.3d 642, 653 (4th Cir. 2007). The failure to participate in jury selection or trial, or to present any defense at all, suggests a lack of understanding of the rules of procedures and the fundamental nature of the proceeding on the part of the *pro se* defendant. *See United States* v. *Ferguson*, 560 F.3d 1060, 1069-70 (9th Cir. 2009). While it is true, as the Government states, that Mr. Curry had an opportunity to be heard, it was hardly meaningful given Mr. Curry's failure to comprehend the proceedings. As a result, he did not cross-examine any witnesses, call any witnesses, make any objections, or offer any evidence. (JA 265, JA 271, JA 272, JA 273, JA 274, JA 291, JA 294-95, JA 296, JA 299-300, JA 301, JA 302, JA 305, JA 308, JA 310.) The result was a proceeding that "quite simply [] under the facts and circumstances of this case the rulings of the trial court deprived [the defendant] of a fair trial." Chambers v. Mississippi, 410 U.S. 284, 302-03 (1973).

The Government argues that a trial where the defendant had no meaningful participation was not only permitted by the Constitution, but required in order to protect Mr. Curry's Sixth Amendment rights. (Opp'n at 33-34.) However, this argument rests on the premise that Mr. Curry had validly waived his right to counsel and asserted his right to self-representation. As shown above, that

-15-

is not true in this case.  Because Mr. Curry's waiver was invalid, the court was required to provide him with counsel, not to conduct a trial at which there was no meaningful adversary.  The failure to do so violated Mr. Curry's due process rights.

## CONCLUSION

For the foregoing reasons and the reasons stated in Mr. Curry's opening brief, the Court should vacate Mr. Curry's conviction and remand for a new trial.

Dated:      March 17, 2014

Respectfully submitted,

__/s/ Lee Ann Anderson McCall_____
Lee Ann Anderson McCall (CJA Counsel)
Amanda F. Davidoff
Elizabeth A. Cassady
Jared P. Roscoe
James H. Congdon
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006
Tel: 202-956-7500
mccalll@sullcrom.com
*Counsel for Defendant-Appellant*

-17-

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**No.** 13-4514          **Caption:** United States of America v. Ricardo O. Curry, II

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the  type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [✓]   this brief contains _____4,146_____ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [  ]   this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [✓]   this brief has been prepared in a proportionally spaced typeface using
   Microsoft Word_____ [*identify word processing program*] in
   14-pt, Times New Roman_____ [*identify font size and type style*]; **or**

   [  ]   this brief has been prepared in a monospaced typeface using
   _____ [*identify word processing program*] in
   _____ [*identify font size and type style*].

(s) Lee Ann Anderson McCall_____

Attorney for Ricardo O. Curry II_____

Dated: 3/17/2014_____

# CERTIFICATE OF SERVICE

I certify that on <u>March 17, 2104</u> the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Gregory Robert Bockin
David I. Sharfstein
Assistant U. S. Attorneys
OFFICE OF
THE UNITED STATES ATTORNEY
36 South Charles Street
Baltimore, MD 21201-0000

/S/ Lee Ann Anderson McCall

Signature

3/17/14

Date